

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO J. FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-113-A |
| | § | |
| TARRANT COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants Tarrant County, Texas ("County") and Jose Arroyo ("Arroyo") to dismiss. Plaintiff, Antonio J. Foster, has failed to respond to the motions, which are ripe for ruling. The court, having considered the motions, the record, and applicable authorities, finds that the motions should be granted.

I.

Plaintiff's Claims

On February 10, 2020, plaintiff filed his complaint. Doc.[1] 1. By order signed February 13, 2020, the court ordered that County be substituted for "Tarrant County Sheriff's Department" as defendant and directed the clerk to facilitate service. Doc. 7. The court also ordered County to file a document identifying

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

defendants John Doe #1 and John Doe #2, id., which it has done. Doc. 11. The record does not reflect that those defendants have been served.

Plaintiff alleges that County "allowed a common practice & policy to persist which is unconstitutional." Doc. 1 at 3. He says that guards are encouraged to use excessive force against pretrial detainees and are not properly and adequately trained on how to handle inmates with mental health issues. Id. at 6. Plaintiff alleges that Arroyo hit him in the face with a closed fist while plaintiff was in hand restraints. Id. at 3. Plaintiff says that this was not done to restore discipline, but was done with the intent to cause plaintiff physical harm. Id. at 4. Plaintiff admits that he spit on Arroyo before Arroyo hit him. Id. at PageID[2] 7. He says that Arroyo lied in reporting that he hit plaintiff with an open hand to subdue him. Id. at PageID 8.

II.

Applicable Legal Principles

A. Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[2] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the item is a handwritten statement attached to the typewritten form complaint.

relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B.   Municipal Liability

The law is clearly established that the doctrine of respondeat superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability may be imposed against a municipality only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v.

Thompson, 563 U.S. 51, 60 (2011). Local governments are responsible only for their own illegal acts. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Monell, 436 U.S. at 691. Specifically, there must be an affirmative link between the policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is not sufficient to impose liability, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. (If the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary to establish both the requisite fault and the causal connection between the policy and the constitutional deprivation. Id. at 824.) Thus, to establish municipal liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984)(per curiam).

The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992); McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989); Languirand v. Hayden, 717 F.2d 220, 227-28 (5th Cir. 1983).

C.  Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not

"violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986);

Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. . . .

502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

As County notes, it cannot be held liable simply because it employed Arroyo or the other defendants.[3] And, plaintiff has not pleaded any facts to establish a policy for which it could be held liable. He makes nothing but conclusory allegations. Plaintiff has only described two incidents regarding his treatment. He has not described a policy officially adopted by a policymaker. He has not shown that there is a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents County policy. Nor has he alleged facts to show that such practice must be attributable to County's governing body or to an official to whom County has delegated policy-making authority. Bennett, 735 F.2d at 862.

As for Arroyo, plaintiff has failed to show that Arroyo is not entitled to qualified immunity. The fact that plaintiff was able to spit on Arroyo, which plaintiff admits, shows that plaintiff was not under control and that Arroyo could take steps such as he did to get plaintiff under control. See Griggs v. Brewer, 841 F.3d 308, 316 (5th Cir. 2016); Mills v. Mackel, No. 5:17-CV-135-KS-MTP, 2019 WL 4667332, at *4 (S.D Miss. July 17, 2019), report and recommendation adopted, 2019 WL 4658367 (S.D.

---

[3] To the extent plaintiff asserts claims against Arroyo in his official capacity, those are claims against County. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

Miss. Sept. 24, 2019). Further, other cases have held that it is reasonable to respond to being spat upon as Arroyo did. Yarborough v. Loftis, No. 6:14-CV-950, 2017 WL 9288033, at *7 (E.D. Tex. Octo. 18, 2017), report and recommendation adopted, 2018 WL 387910 (E.D. Tex. Jan. 12, 2018); Moore v. Nixon, No. 5:16-CV-119-C, 2017 WL 11476340, at *3 n.2 (N.D. Tex. Apr. 25, 2017), report and recommendation adopted, 2018 WL 10149999 (N.D. Tex. Jan. 9, 2018). Spitting on a corrections officer is a felony in Texas. Tex. Penal Code § 22.11 (West 2019).[4]

V.

Order

The court ORDERS that the motions to dismiss be, and are hereby, granted, and plaintiff's claims against County and Arroyo be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of such claims.

SIGNED April 17, 2020.

_____
JOHN McBRYDE
United States District Judge

---

[4] Arroyo argues that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court need not reach this ground of the motion.