

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANTONIO J. FOSTER,                  §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   NO. 4:20-CV-113-A
                                    §
TARRANT COUNTY SHERIFF'S            §
DEPARTMENT,                         §
                                    §
            Defendant.              §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants

Christopher Burke ("Burke") and Michael Tahmahkera

("Tahmahkera") to dismiss. Plaintiff, Antonio J. Foster, has

failed to respond to the motion, which is ripe for ruling. The

court, having considered the motion, the supplement filed by

movants pursuant to the court's order of May 4, 2020, the

record, and applicable authorities, finds that the motion should

be granted.

I.

Background

On February 10, 2020, plaintiff filed his complaint in this

action. Doc.[1] 1. In it, he alleged that Sgt. J. Arroyo ("Arroyo")

and "John Doe, Transport Officer" ("John Doe #1") each struck

---

[1] The "Doc.___" reference is to the number of the item on the docket in this case.

him in the head with a closed fist and that "John Doe, Transport Officer" ("John Doe #2") had watched as John Doe #1 struck him but did nothing to stop the assault or to report it. He alleged that the Tarrant County Sheriff's Department had a policy of allowing such assaults.

By order signed February 13, 2020, the court ordered that (1) Tarrant County be substituted in place of Tarrant County Sheriff's Department, which was not a proper defendant, (2) service be had on Tarrant County and Arroyo, and (3) Tarrant County identify John Doe #1 and John Doe #2. Doc. 7. Tarrant County filed a notice identifying John Doe #1 as Burke and John Doe #2 as Tahmahkera. Doc. 11. The court ordered that they each be served by the U.S. Marshal. Doc. 13. Tarrant County and Arroyo each filed a motion to dismiss, Docs. 16, 18, which the court granted after plaintiff failed to file any response and the time for doing so had passed. Doc. 21. The court signed a separate final judgment as to the dismissal of the claims against them.

Burke and Tahmahkera each filed an answer making specific factual allegations as to his right to qualified immunity. Docs. 28, 29. In particular, they explained the events giving rise to plaintiff's claims against them. Together, they also filed a motion to dismiss. Doc. 30. Pursuant to Schultea v. Wood, 47

2

F.3d 1427, 1433 (5th Cir. 1995), the court ordered plaintiff to file by May 26, 2020, a supplemental pleading providing allegations supporting the inapplicability of the qualified immunity defenses raised by Burke and Tahmahkera. Doc. 31. The court further ordered that by June 10, 2020, Burke and Tahmahkera file a supplement to their motion in response to plaintiff's supplemental pleading, and granted plaintiff an extension of time until June 30, 2020, in which to respond to the motion to dismiss. Id. Plaintiff failed to file a supplemental pleading. Movants filed a supplement to their motion to dismiss, pointing out plaintiff's failure to comply with the order and urging that dismissal of his claims would be appropriate for that reason alone. Doc. 33.

II.

Applicable Legal Principles

The applicable pleading requirements and principles governing qualified immunity were set forth in the court's April 17, 2020 memorandum opinion and order, Doc. 21, and need not be repeated here.

3

III.

Analysis

As movants note, the court has followed the procedure set forth in Schultea when a defense of qualified immunity is asserted by giving plaintiff an opportunity to explain why such defense should not apply. Plaintiff has failed to do so and the allegations of his complaint are not sufficient to overcome the qualified immunity defense asserted by Burke and Tahmahkera. Accordingly, plaintiff's claims must be dismissed. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

IV.

Order

The court ORDERS that the motion of Burke and Tahmahkera to dismiss be, and is hereby, granted, and plaintiff's claims against them be, and are hereby, dismissed.

SIGNED July 1, 2020.

_____
JOHN McBRYDE
United States District Judge

4